UNITED STATES DISTRICT COURT     JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-14-2058-MWF (JCGx)     Date: March 21, 2014
Title:     Sycamore Investment Co. v. Jonathan Pezzola, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER REMANDING ACTION TO STATE COURT

On January 2, 2014, Plaintiff Sycamore Investment Co. filed a Complaint for Unlawful Detainer against Defendants Jonathan Pezzola and Does 1 to 20 in the Superior Court of California for the County of Los Angeles. (Notice of Removal Ex. 1 (Docket No. 1)). On March 18, 2014, Defendant removed the action to this Court. (*Id.*).

This Court has a *sua sponte* obligation to confirm that it has subject matter jurisdiction. *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 673 (9th Cir. 2012) ("[I]t is well established that 'a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action . . . .'" (quoting *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002))).

The Court cannot properly assert jurisdiction over this matter, because the matter does not arise under federal law and the requirements for diversity jurisdiction are not met.

"For a case to 'arise under' federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp. v. Rolland Oil & Gas, LLC*, 653 F.3d 1024, 1032 (9th Cir. 2011) (citation and internal quotation marks omitted). Importantly, there is no federal question jurisdiction even if there is a federal defense to the claim or a counterclaim

UNITED STATES DISTRICT COURT　　　　　JS-6
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-14-2058-MWF (JCGx)　　　　　Date:  March 21, 2014
Title:　　　Sycamore Investment Co. v. Jonathan Pezzola, et al.

arising under federal law.  *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987).

　　　Plaintiff's Complaint states only the state law claim for unlawful detainer, and accordingly the action arises solely under state law.

　　　Defendant asserts that jurisdiction is proper under 28 U.S.C. §§ 1332, 1441, the diversity jurisdiction and removal statutes.  Section 1441 provides only removal jurisdiction, and cannot establish this Court's original jurisdiction.

　　　As the removing party, Defendant bears the burden of showing that the parties are diverse and the amount in controversy exceeds the jurisdictional limit.  *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).  Defendant states that Plaintiff is a California partnership, but he does not provide information related to his own citizenship.  (Notice of Removal at 1).  He provides a California address as his residence.  Furthermore, he offers no evidence to rebut the contention in the Complaint that less than $25,000 is in controversy.  Defendant has failed to meet his burden of establishing the Court's subject matter jurisdiction.

　　　Accordingly, the Court **REMANDS** the action to the Superior Court of the State of California for the County of Los Angeles.  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

　　　IT IS SO ORDERED.